## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MOHAMMED AHMED,** | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| Commissioner of Social Security, | : | 20-5399 |
| Defendant. | : | |

### MEMORANDUM OPINION

**Timothy R. Rice**  September 10, 2021
**U.S. Magistrate Judge**

Plaintiff Mohammed Ahmed, proceeding pro se,[1] alleges his lawyer failed to fully and fairly develop his evidentiary record before the Administrative Law Judge (ALJ) hearing, which resulted in an erroneous denial of his application for Disability Insurance Benefits (DIB). See Pl. Br. (doc. 16).[2] He requests that I "order additional evidence to be taken before the Commissioner of Social Security, . . . upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record." 42 U.S.C.A. § 405. For the following reasons, I deny his request.

Ahmed first applied for DIB on November 20, 2017, alleging a disability onset date of January 15, 2017. R. at 132. Ahmed is a survivor of the Iraq war, where he was injured and traumatized by witnessing death. Id. at 307. He immigrated to Syria and later to the United

---

[1]   Because Ahmed pursued this claim as a pro se litigant, I will liberally construe his pleadings. Leamer v. Fauver, 288 F.3d 532, 547 (3d Cir. 2002) (requiring liberal construction of pro se complaints).

[2]   Ahmed consented to my jurisdiction on December 2, 2020 (doc. 7), pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 72, Local Rule 72.1, and Standing Order, In re Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018). See also Roell v. Withrow, 538 U.S. 580, 584 (2003) (consent to Magistrate Judge jurisdiction can be inferred from failure to object after notice and opportunity).

States as a refugee.  See Exhibits (doc. 13) at 7.  After working for several years on the night shift in a university cafeteria, Ahmed's sleep became increasingly dysfunctional.  R. at 301.  He was diagnosed with high blood pressure and sleep apnea in 2015.  Id. at 239, 335.  He began complaining of abdominal discomfort in 2016, and was diagnosed with mild gastritis and put on acid-reducing medication in 2017.  Id. at 227.  Ahmed also suffered from psychiatric complaints, and was diagnosed with PTSD, major depressive disorder, and generalized anxiety disorder in 2018.  Id. at 309.  He was prescribed medication and therapy but was described as "noncompliant."  Id. at 306.  Ahmed's psychiatric treatment was interrupted by his travels; when he traveled to Turkey from June to October in 2018 and Austria from December 2018 to March 2019, he stopped taking his psychiatric medications.  Id. at 295.  He reported he felt worse without medications and wanted to renew his prescriptions when he returned.  Id.

Despite his impairments, Ahmed testified he was able to take care of his youngest son.  Id. at 43.  He walked his son to school, drove him to daycare, regularly visited the gym and mosque, and shopped for groceries.  Id. at 43-46.  The ALJ found Ahmed's alleged limitations were not entirely consistent with the record and that he could perform a limited range of medium work.[3]  Id. at 21-22.

1. Record Development

Ahmed complains that he sought to introduce additional medical records at his hearing but they were excluded.  Pl. Br. at 2.

Although claimants bear the burden of proving their claims, ALJs must develop a "full and fair record" to assess them.  Smith v. Comm'r of Soc. Sec., 80 F. App'x 268, 269–70 (3d

---

[3]  The ALJ limited Ahmed to medium jobs that consist of only routine, repetitive tasks, with a consistent job site, tasks, and coworkers, no teamwork, no public interaction, and no exposure to odors, fumes, dusts, or gases.  Id. at 21.

2

Cir. 2003) (citing Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995)). "When an ALJ has failed to exercise his authority to attempt to fill significant evidentiary gaps that are material to the disability determination, remand is appropriate." Rosa v. Colvin, 956 F. Supp. 2d 617, 621–22 (E.D. Pa. 2013) (citations omitted).

The ALJ ordered psychological and physical evaluations of Ahmed to supplement his sparse medical record. R. 260-66, 270-83. When Ahmed testified that he had additional medical records to submit at his hearing, his attorney stated that those records were merely additional documentation of his sleep study, endoscopy, colonoscopy, and medications, information which was already included in the medical record. Id. at 47. The medical records Ahmed submitted to this court are all dated after the ALJ hearing, and fail to support that any critical records from an earlier time period were omitted. See Exhibits (docs. 13, 14, 16). The ALJ sufficiently developed the record to support his determination with substantial evidence. See Smith, 80 F. App'x at 269–70 (finding ALJ who assigned consultative examiner and reviewed multiple medical opinions had fully and fairly developed the record).

2. Ineffective Assistance of Counsel

Ahmed also contends his case should be remanded because his attorney was ineffective for failing to submit the additional medical records at his ALJ hearing. Pl. Br. at 2.

As described above, Ahmed has submitted no evidence that suggests he was prejudiced by his attorney's decision not to submit further evidence of medical conditions that were already documented. See Carmichael v. Barnhart, 104 F. App'x 803, 805 (3d Cir. 2004) (rejecting claimant's complaints about his non-attorney advocate because ALJ had fulfilled his duty to develop the record). Moreover, because the benefits application and appeal process is not a criminal proceeding, ineffective assistance of counsel is not a basis for remand. See Rotolo v.

Berryhill, 741 F. App'x 851, 853–54 (2d Cir. 2018) ("because this is a civil case in which [the claimant] does not face the prospect of imprisonment . . . the Sixth Amendment right to counsel does not apply, and an ineffective assistance of counsel claim is not cognizable.") (citing Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 453 (2d Cir. 2013)); Cornett v. Astrue, 261 F. App'x 644, 651 (5th Cir. 2008) ("The Supreme Court has never recognized a constitutional right to counsel in Social Security proceedings."); Duggan v. Barnhart, 66 F. App'x 730, 732 (9th Cir. 2003) (same); Miller v. Colvin, No. 15-815, 2016 WL 5468165, at *1 (W.D. Pa. Sept. 29, 2016), aff'd sub nom. Miller v. Comm'r of Soc. Sec., 719 F. App'x 130 (3d Cir. 2017) ("a claim of ineffective assistance of counsel is 'not cognizable on review of the Commissioner's decision.'") (citing Nelson v. Astrue, No. 07-2622, 2008 WL 4078464, at *7 (E.D. Pa. Aug. 29, 2008) ("[a] social security claimant who was represented by counsel of [her] own choosing cannot at a later time complain that the representation was inadequate.")).

3. Additional Evidence

Finally, Ahmed submitted multiple medical records dated after his ALJ hearing along with his complaint, and I interpret those submissions as a request for a sentence six remand to consider additional evidence. Leamer, 288 F.3d at 547.

Additional evidence merits remand under the sixth sentence of 42 U.S.C. § 405(g) if it meets three requirements: (1) it is new; (2) it is material; and (3) there is good cause for not timely submitting it to the ALJ. Matthews v. Apfel, 239 F.3d 589, 593-94 (3d Cir. 2001).

All the medical evidence Ahmed submitted post-dates his ALJ hearing, which renders it "new" because it was certainly "not available to the claimant the time of the administrative proceeding." Melkonyan v. Sullivan, 501 U.S. 89, 98, (1991). The records' dates also at least potentially provide good cause for Ahmed's failure to submit them to the ALJ. See Newhouse v.

4

Heckler, 753 F.2d 283, 287 (3d Cir. 1985) (remanding to consider records of a hospitalization that took place less than a month after the ALJ opinion was issued).

These records cannot support remand, however, because they are not "material." Szubak, 745 F.2d at 833. To be material, evidence must create a reasonable probability that it would have changed the ALJ's decision had it been presented to him. Id. It cannot show merely "a later-acquired disability or . . . the subsequent deterioration of the previously non-disabling condition." Id.

The records Ahmed submitted show that he continued with treatment for his psychiatric conditions, sleep apnea, and blood pressure, and that he strained his back in 2021. See docs. 13 and 14. They do not suggest that his condition during the relevant time period was more severe than the ALJ found.[4] See Pearson v. Comm'r of Soc. Sec., 839 F. App'x 684, 691 (3d Cir. 2020) (finding new evidence was not material because it did not reflect claimant's condition during the relevant time period).

An appropriate Order accompanies this Opinion.

---

[4] The opinion Ahmed submitted from his treating psychiatrist suggests he sought to remedy the ALJ's conclusion that he was noncompliant. See Exhibit (doc. 14) at 7. To the extent that Ahmed improved his treatment compliance and still finds he is unable to work, he should be able to re-apply for benefits before December 31, 2021. R. at 17 (Ahmed's Date Last Insured is December 31, 2021).